NEW YORK STATE
Unified Court System
OFFICE OF COURT ADMINISTRATION

LAWRENCE K. MARKS
CHIEF ADMINISTRATIVE JUDGE

JOHN W. McCONNELL
COUNSEL

June 11, 2018

Magistrate Judge Steven L. Tiscione
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Goonewardena v. Spinelli, et al.
15 CV 5239 (MKB) (ST)

Dear Magistrate Judge Tiscione:

This letter is submitted in response to the June 5, 2018 letter by Plaintiff to the Court, concerning his prior attempted service of two non-party deposition subpoenas, as well as in response to the attached three non-party subpoenas duces tecum directed to Assistant Deputy Counsel Shawn Kerby, also dated June 5, 2018.

The Non-party Deposition Subpoenas for Court Officers Stock and Cosentino

On April 27, 2018, plaintiff's uncle sought to serve five deposition subpoenas in this matter at this Office. Ms. Kerby accepted service of three of the subpoenas directed to: (1) Sherrill Spatz, Inspector General, Unified Court System Office of the Inspector General ("OIG"); (2) Joseph Kuceluk, Investigator, OIG; and (3) Ms. Kerby. At the May 17, 2018 conference before Your Honor, these subpoenas were quashed by Your Honor.

Regarding the remaining two deposition subpoenas directed to Court Officers in Queens County identified solely by shield number, Ms. Kerby did not accept service on April 27, 2018. Where she had no request or designation by the unidentified Officers to accept service on their behalf, Ms. Kerby advised plaintiff's uncle that personal service should be made at the command where the Officers were assigned, and that the commanding officer would advise whether service would be accepted on behalf of the officers, instead of service in the courtroom, which might disrupt any on-going proceedings where the officers might be assigned. Contrary to plaintiff's claim, Ms. Kerby did not

COUNSEL'S OFFICE • 25 BEAVER STREET, NEW YORK, NEW YORK 10004 • TEL: 212-428-2150 • FAX: 212-428-2155

advise plaintiff's uncle to "go to the courthouse and leave it with Chief [C]lerk Tamara Kersh."[1]

Rather than serve the Officers in person at their command in Queens County (see FRCP 45(b)(1)), according to plaintiff's June 5, 2018 letter, he attempted to serve the Chief Clerk's Office on or about May 24, 2018. Where it was unclear to the Chief Clerk's Office whether the subpoenas involved parties represented by the Office of the Attorney General's office, including for purposes of service, the Chief Clerk did not accept service of the subpoenas for Officers Stock and Cosentino.

Although plaintiff did not serve the Officers as Ms. Kerby had advised at their command, in order to accommodate plaintiff in this one instance, the command has agreed to accept service of the deposition subpoenas for Officers Stock and Cosentino via facsimile at the following number: (718) 298-1181. This one-time courtesy does not constitute an acceptance of service on parties or non-parties in this matter via facsimile. Nor does it waive objections to the merits of such subpoenas.

However, as with the prior non-party deposition subpoenas that were quashed on May 17, 2018, Sgt. Stock is not mentioned in the complaint. Although Officer Cosentino is referenced by shield number as being present during the incident described in the Third Amended Complaint (¶ 21), Sgt. Stock is not referenced by name or shield number in the complaint, nor alleged to have been involved in any of the incidents described in the complaint. As such, there is no factual or legal basis for the non-party deposition subpoena to be issued to Sgt. Stock.

The Three Subpoenas Directed to Assistant Deputy Counsel Shawn Kerby

The three June 5, 2018 subpoenas duces tecum directed to Ms. Kerby seek the following: (1) "all email communications" between A.A.G. Michael Siudzinski and Ms. Kerby, and between Investigator Kuceluk and Ms. Kerby; (2) "any documents of collective bargaining law or state law that prevent investigations of court employees until civil case is completed"; and (3) copies of the personnel files for Officers Spinelli, Williams, and Alfieri.

[1] On that same date, Ms. Kerby further advised plaintiff's uncle that plaintiff should identify the names of the officers in the subpoenas for service, and that the names could be obtained by plaintiff as he had in the past, pursuant to a Freedom of Information Law ("FOIL") request. Rather than submit a FOIL request, plaintiff served additional subpoenas, dated April 30, 2018, for the names of the officers associated with the two shield numbers. By letter dated May 10, 2018, Ms. Kerby advised plaintiff of the names of the Court Officers for the shield numbers provided: Sgt. John Stock and Officer Joseph Cosentino.

(1) As discussed at the May 17, 2018 conference before Your Honor, at which time plaintiff's subpoena seeking to depose Ms. Kerby about her communications with Mr. Kuceluk was quashed, the current subpoena seeking her email communications with Mr. Kuceluk and A.A.G. Siudzinski representing the defendants implicates privileged attorney-client communications and work-product.[2] See FRCP 45(d)(3)(A)(iii), 45(e)(2); In re Cty. Of Erie, 473 F.3d 413, 419 (2d Cir. 2007) (protecting emails as attorney-client privilege); Koumoulis v. Indep. Fin. Mktg. Grp., Inc., 295 F.R.D. 28, 39 (E.D.N.Y.2013) (opinion and non-opinion work product not subject to disclosure).

(2) With regard to the subpoena seeking "law," it essentially seeks the performance of legal research, or a service, rather than the production of responsive existing documents. See FRCP 45(e)(1)(A). Plaintiff can perform his own legal research. Moreover, this issue concerning internal OIG investigations was addressed with plaintiff at the May 17, 2018 conference.

(3) Disclosure of personnel files of the named defendants directly to plaintiff is not warranted at this time. Personnel records of court officers are confidential pursuant to Civil Rights Law § 50-d. There are no disciplinary matters or substantiated complaints of misconduct pertaining to these Officers material to the complaint. Other than engaging in a fishing expedition, there appears to be no relevant or material information in the personnel files. See e.g., People v. Magliore, 178 Misc.2d 489 (Sup. Ct. Kings Co. 1998) (denying subpoena for court officers' personnel records with no factual showing of relevancy and materiality, beyond speculation of possible impeachment testimony); Mercado v. NYS Police, 989 F.Supp. 521 (S.D.N.Y. 1998) (police officer confidential personnel records protected by Civil Rights Law § 50-a against disclosure of irrelevant materials and fishing expeditions). Moreover, where plaintiff has yet to make disclosures pursuant to FRCP 26 and has not responded to defendants' written discovery demands, the status at this time does not warrant disclosure of the personnel files, where this matter may be discontinued for failure to prosecute. Nor should plaintiff be permitted to circumvent FRCP 26 discovery provisions with a subpoena.

---

[2]As discussed at the May 17, 2018 conference before Your Honor, Ms. Kerby is the assigned attorney in this matter, who represented Mr. Kuceluk and responded to plaintiff's numerous prior non-party subpoenas and FOIL correspondence. As the assigned attorney, she coordinates with, and provides necessary assistance to, A.A.G. Siudzinski who represents the defendants, including communications reflecting opinions, work product, and legal strategies regarding the underlying litigation.

In any event, at such time as deemed appropriate by the Court, the personnel files can be produced for in camera review in support of the absence of relevant and material portions for purposes of disclosure to plaintiff. See Civil Rights Law § 50-d(2); see e.g., King v. Conde, 121 F.R.D. 180 (E.D.N.Y. 1988); People v. Gissendanner, 48 N.Y.2d 543 (1979).

Very truly yours,

Lee Adlerstein
Deputy Counsel

cc: Michael Siudzinski, A.A.G.
Prassana Goonewardena

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

RECEIVED
2018 JUN -6 P 3:19
COUNSEL'S OFFICE
OFFICE OF
COURT ADMINISTRATION

Prasanna Goonewardena
*Plaintiff*
v.
Spinelli et al
*Defendant*

Civil Action No. 15 CV 5239

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Shawn Kerby
*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: ALL email COMMUNICATIONS BETWEEN MICHAEL SILIPZINSKI AND SHAWN KERBY; BETWEEN JOSEPH KLICELUK AND SHAWN KERBY. e.mail COMMUNICATIONS ARE NOT PRIVILEGED.

| Place: 247-34 A 77 Cre Bellerose, NY 11426 | Date and Time: By June 21, 2018 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: JUN 05 2018

DOUGLAS C. PALMER
*CLERK OF COURT*
[signature]
*Signature of Clerk or Deputy Clerk*

OR

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* __________ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

RECEIVED

2018 JUN -6 P 3:19

COUNSEL'S OFFICE
OFFICE OF
COURT ADMINISTRATION

Prasanna Goonewardena
*Plaintiff*

v.

Spinelli et. al.
*Defendant*

Civil Action No. 15 CV 5239

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Shawn Kerby

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: ANY DOCUMENTS OF COLLECTIVE BARGAINING LAW OR STATE LAW THAT PREVENT INVESTIGATIONS OF COURT EMPLOYEES UNTIL CIVIL CASE IS COMPLETED.

| Place: 247-34 A 77 Cres Bellerose, NY 11426 | Date and Time: By June 21, 2018 |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: JUN 05 2018

DOUGLAS C. PALMER
*CLERK OF COURT*

[signature]
*Signature of Clerk or Deputy Clerk*

OR

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ______________, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

RECEIVED
2018 JUN -6 P 3: 16
COUNSEL'S OFFICE
OFFICE OF
COURT ADMINISTRATION

DOUGLAS C. PALMER

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

RECEIVED

2018 JUN -6 P 3:18

COUNSEL'S OFFICE
COURT ADMINISTRATION

Prasanna Goonewardena
*Plaintiff*

v.

Spinelli et. al.
*Defendant*

Civil Action No. 15 CV 5239

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Shawn Kerby

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: COPIES OF EVERY DOCUMENT IN PERSONNEL FILE OF LOUIS SPINELLI, SHAWN WILLIAMS, AND JAMES ALFIERI (e.g. DISCIPLINARY)

| Place: 247-34A 77 Cres Bellerose, NY 11426 | Date and Time: By June 21, 2018 |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: JUN 05 2018 DOUGLAS C. PALMER

*CLERK OF COURT*

[signature]

*Signature of Clerk or Deputy Clerk*

OR

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ________________ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

COURT ADMINISTRATION
OFFICE OF
COUNSEL'S OFFICE
2018 JUN -6 P 3:15
RECEIVED