

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

BARBARA D. UNDERWOOD
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8594/8610

July 27, 2018

**BY ECF**

Magistrate Judge Steven Tiscione
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: <u>Goonewardena v. Spinelli, et al.</u>
      E.D.N.Y. Case No. 15 CV 5239(MKB)(ST)

Dear Magistrate Judge Tiscione,

   Defendants submit this letter pursuant to the Court's Individual Rules to address ongoing discovery disputes and to compel plaintiff to supplement and fully respond to Defendants' First Set of Interrogatories and Document Demands, dated March 16, 2018, to provide crucial information concerning his alleged injuries, economic damages, and other discoverable information and documents. We make this motion based on leave of the Court, granted at the July 11, 2018 conference, as well as plaintiff's statements at that time.

<u>Background</u>

   Pursuant to the Court's decision on the Defendants' motion for dismissal dated September 26, 2017, plaintiff's surviving claims allege excessive force, false arrest, malicious prosecution, assault and battery, and First Amendment retaliation in violation of 42 U.S.C. § 1983.

   On March 16, 2018, Defendants served their First Set of Interrogatories and Documents Demands. On April 25, 2018, having not received a response to the initial discovery requests, Defendants re-served their discovery demands. On May 17, 2017, the parties appeared before the Court, at which time plaintiff stated that he has audio recordings of Defendant Spinelli and other non-party witnesses, and that he would not provide copies thereof until the time of the parties' respective depositions. The Court directed plaintiff to immediately provide copies to the Defendants, which was formalized by Order, dated May 25, 2018 (ECF #89). On or about June 14, 2018, plaintiff served his responses to Defendants' discovery demands, but failed to provide the audio recordings. On July 11, 2018, the parties appeared before the Court for a status conference on the ongoing discovery matters at which time plaintiff stated that he had accidently

deleted/destroyed the audio recording of Defendant Spinelli, that he has been unable to locate a copy, and that he was refusing to provide copies of the other recordings to Defendants, which have not been destroyed.

Defendants move the Court to compel plaintiff to do the following on or before August 20, 2018: 1) provide copies of any audio or video recordings of the Defendants and non-party witnesses or be precluded from their use in this action; 2) supplement and provide responsive answers and documents to Defendants' First Set of Interrogatories and Document Demands; and 3) direct plaintiff, to the extent he does not have responsive information or materials, to sign a sworn statement to that effect for each applicable interrogatory and document request.

## Applicable Law

Federal Rule of Civil Procedure 37 authorizes the Court to "compel[] disclosures mandated by Rule 26(a) and responses to discovery." *Patsy's Italian Rest., Inc. v. Banas*, 2006 WL 2620639, at *2 (E.D.N.Y. Sept. 12, 2006); *Time Inc. v. Simpson*, 2002 WL 31844914, at *1 (S.D.N.Y. Dec. 18, 2002). Parties are entitled to "discovery regarding any nonprivileged material that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). "At the pretrial discovery stage of a litigation, relevant, as it relates to information sought to be disclosed, is broadly construed and incorporates information which is not admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Sokol v. Wyeth, Inc.* 2008 WL 3166662, at *3 (S.D.N.Y. Aug. 4, 2008).

Furthermore, the "party resisting discovery bears the burden of showing why discovery should be denied." *Freydl v. Meringolo*, 2011 WL 2566087, at *3 (S.D.N.Y. June 16, 2011). That burden can only be satisfied by specific and targeted objections. *Jacoby v. Hartford Life & Accident Ins. Co.*, 254 F.R.D. 477, 478 (S.D.N.Y. 2009); Fed. R. Civ. P. 33(b)(4) (Objections to interrogatories "must be stated with specificity,"). Rule 34(a)(1) requires a party to turn over all discoverable materials in their "possession, custody, and control," *see Scherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007), and any objection to a document request "must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). Plaintiff's response to Defendants discovery' demands utterly fails to provide any reasonable objections or sufficiently fulfill his obligation to disclose what responsive materials he possesses, but is refusing to provide.

## Defendants' Discovery Demands and Plaintiff's Response[1]

### Interrogatory #9 and Document Requests #13, 14, and 15

These discovery requests seek information and materials concerning written documents either provided by plaintiff to the New York State Office of Court Administration, its employees, and other agencies, or received by plaintiff or anyone acting on his behalf. Plaintiff does not state that he is not in possession of responsive documents or that they are privileged, but objects on the grounds that Defendants should seek these materials from other sources (Int. #9 and DR

---

[1] Plaintiff's Response, dated June 14, 2018, is attached hereto.

#13 and 15) or that they are already in Defendants' possession (DR #14). Plaintiff's objections fail as a matter of law and he is required by Fed.R.Civ.P. 34(a)(1) to produce any documents and information he has in his possession, custody, and control which may support his allegations or disclose any previous statements made concerning the allegations. Plaintiff's obligations under Rule 34 apply equally to the discovery demands at issue below.

Document Requests #17, 18, and 31

These discovery requests seek executed releases for all health care providers for treatment in the last six years (DR #17) and all such medical records already in plaintiff's possession (DR #31). Furthermore, DR #18 seeks any documents and records related to plaintiff's alleged emotional and physical injuries not covered by DR #17 and 31.

It is axiomatic that Defendants are entitled to plaintiff's medical records, not only related to plaintiff's specific alleged injury, but for any treatment related to the same afflicted parts of his body that might indicate a pre-existing condition. By bringing a claim for physical injuries, plaintiff waives "the pertinent privilege for records relevant to [his] claim." *See Soto v. The City of New York*, 2015 WL 6503819, at *1 (S.D.N.Y. Oct. 20, 2015). "If a plaintiff suffers, for example, a wrist injury as a result of allegedly excessive force during an arrest and he seeks damages for that injury, he will be obliged, on request, to turn over or authorize production of all medical records reflecting treatment for that injury. In addition, if the defendant makes a request, the plaintiff may be obliged as well to produce documents reflecting treatment of prior or subsequent injuries to the same wrist." *Kunstler v. City of New York*, 2006 WL 2516625, at *4 (S.D.N.Y. Aug. 29, 2006), aff'd, 242 F.R.D. 261 (S.D.N.Y. 2007). To the extent plaintiff has retained such documents he is obligated to provide them. Alternatively, the Court should order plaintiff to immediately identify all his health care providers – including doctors, clinics, and hospitals – that he has received treatment from for a period of six years prior to the date of the alleged incident, September 11, 2014, so Defendants can determine if he has a pre-existing condition or other relevant injury.

Interrogatory #11 and Document Request #26

Defendants seek information concerning all past litigation plaintiff has been a party to, whether as a plaintiff or a defendant. Plaintiff objects on the grounds that he is not obligated to provide information on past litigation and outcomes because it is both public information (Int. #11) and confidential (DR #26). As argued above, unless the information is privileged, which plaintiff does not claim nor are public filings confidential, he must provide answers and related materials that may lead to discoverable information under Rule 34. Although some of this information may be publicly available, Defendants cannot determine the full extent of plaintiff's litigation history and believe that additional cases and documents may exist that would support Defendants' defenses. *See Lifeguard Licensing Corp. v. Ann Arbor T-Shirt Company, LLC*, 2016 WL 3144049, at *3-5 (S.D.N.Y. May 23, 2016) (directing plaintiff to provide all documents and information concerning past lawsuits that is in his possession, custody, or control). Based on information and belief, plaintiff has a history of harassing behavior and of instigating disputes, and there may be other lawsuits in which plaintiff's behavior is a key factor. *See Goonewardena v. New York*, 2008 WL 4090467, (S.D.N.Y. Aug. 26, 2008); *Goonewardena v. North Shore Long*

*Island Jewish Health System*, 2011-cv-2456, Docket No. 173, at *6 (E.D.N.Y. March 26, 2014). Furthermore, plaintiff's unique history of litigation and associated past claims speaks to his overall credibility and may be used for impeachment purposes. *See Currie v. City of New York*, 2012 WL 832256, at *2 (E.D.N.Y. Mar. 12, 2012) (citing *Davidson Pipe Co. v. Laventhol & Horwath*, 120 F.R.D. 455, 462 (S.D.N.Y. 1988)).

    <u>Document Requests #20, 21, and 22</u>

    Plaintiff, in answering DR #16, states that he "is not seeking any medical expenses *yet*." (emphasis added). Accordingly, Defendants are entitled to information and discovery concerning plaintiff's medical expenses and finances related to his claims in order to determine his income and any applicable government assistance, such as social security disability and Medicare that bear on his ability and obligation to pay medical expenses.

    Thank you for your attention to this matter.

        Sincerely,

          /S/
        _____
        Michael J. Siudzinski
        Assistant Attorney General

cc:    Prasanna Goonewardena, *plaintiff pro se*, via USPS
       NYS OCA, *Interested Party*, via ECF