

**ORIGINAL**

Prasanna Goonewardena
247-34A 77 Cres
Bellerose, NY 11426

July 31, 2018

Hon. Steven Tiscione
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: 15 Cv 5239 (MKB)(ST)
       Goonewardena v. Spinelli et. al.



RECEIVED JUL 31 2018 PRO SE OFFICE

Your Honor:

I submit this memorandum in opposition to frivolous & baseless discovery demands letter submitted by the defendants.

First, a judge who was dishonest on record should not continue to handle a case any further. Second, the defendants' request must be denied for failure to make a good faith attempt pursuant to local rule 37 (a) (1). This is the law every judge must follow.

### Audio recordings

This court already issued an order regarding audio recordings. (Docket entry #89.) The order stated clearly, "… non-party witnesses, he shall produce copies of such recordings prior to any deposition with such witnesses." (*Id.*) Plaintiff does not have any recordings of the three defendants. Plaintiff has one recording of non-party officer Cosentino. Plaintiff will provide that recording 1 week prior to his deposition. If the defendants do not agree with the order, then they should have appealed that decision to district judge within 14 days pursuant to F. R. Civ. P. 72 . To revisit this court's May 25th order now is time-barred. Therefore, defendants, this request must be denied. Plaintiff will comply with Court's May 25th order to its word.

### Prior lawsuits

The defendants want copies of two of plaintiff's prior lawsuits: *Goonewardena v. New York*, 2008 WL 4090467 (S.D.N.Y. Aug 26, 2008) and *Goonewardena v. North Shore Long Island Jewish Health Systems* (E.D.N.Y. March 26, 2014). These two cases have no value to plaintiff's underlying case other than defendants going on a fishing expedition to delay this case. Defense attorney Siudzinski must be sanctioned for making false statements that "…plaintiff has a history of harassing behavior and instigating disputes…" This is a definite statement Siudzinski is making. Plaintiff has never harassed anyone. No one testified on record in H.C. case to prove plaintiff harassed anyone. The accusations remained an allegation as of today. Hunter College officials and the alone accuser felt threatened because plaintiff made numerous complaints and

1

kept recording College Association meetings and other meetings. For Siudzinski to make such a lie, is unbelievable. It is even outrageous for this court to allow an officer of the court to behave in such manner.

**Hunter College Case:**

When after the defendants agreed to remove the suspension and change all grades to W from FIN, plaintiff discarded all documents. Therefore, plaintiff has no documents in his possession to give to the defendants. The NY state attorney general's office represented Hunter College. Therefore, the defense attorney Siudsinski already has those records. Plaintiff does not have any documents to give. Plaintiff has no legal obligation to do the work on behalf of the defendants.

**North Shore Long Island Jewish Health System case:**

Defendants agreed to resolve the case and paid the plaintiff. After that case was resolved, plaintiff discarded all records. Therefore, the plaintiff does not have any documents to provide. Moreover, plaintiff came to the knowledge that Mr. Siudzinski, who is a pathological liar, has been in contact with the lawyer that defended LIJ. Therefore, if the defendants want to get whatever records they need, the plaintiff is not going to stop anyone from getting documents from LIJ lawyer. The defendants should know that if they want to use any statements related to that case at trial, defendants need to present them in person. Plaintiff has the audio recording he made when he was assaulted and falsely imprisoned. He can provide a copy to the defendants pursuant to a court order. The order must include making arrangements by both chambers where the plaintiff can provide a copy to both chambers in person to preserve the authenticity. The defendants must send plaintiff $10.00 money order so the plaintiff can make a copy to a USB drive.

## Medical records

Plaintiff told at the July 11th conference and in response to discovery demands that the plaintiff did not seek help for injuries he suffered to his elbow and shoulder. Therefore, plaintiff has no medical records to give. As a matter of law, this court may not in prejudice mind allow the defendants to go on a fishing expedition. It would be an unethical act. Plaintiff is claiming garden variety emotional distress. Again, pursuant to case laws, in every circuit, medical records are not needed to prove garden variety emotional distress claim to a jury. Moreover, plaintiff has not sought any health care provider related to injuries suffered due to defendants' unlawful actions. See *Mcneill v. Jordan* 14 CV 2872 document number 102 (E.D.N.Y. Feb 17, 2017). In Mcneill, this very court ruled in favor of Mcneill applying the proper law. The same should apply to the plaintiff's case. Now maybe without being prejudicial and retaliating for the truthful comment plaintiff made (docket entry # 97), the court and the defendants should consider settling this matter without wasting the plaintiff's resources any further.

**Access to plaintiff's financial records:**

Defendants, again going on a fishing expedition rather than providing the defendants for their depositions, wants access to plaintiff's finances. This is unacceptable and has no bearing to the

2

plaintiff's case that could be used at trial. No court has allowed the defense attorney to go on a fishing expedition digging into plaintiff's finances on a civil rights case.

### Excessive force claim

To present excessive force claim to a jury, there is no need to have medical records and permanent injury. See *Robinson v. Via* 821 F.2d 913, 924 (2nd Cir 1987*); Robinson v. County of Suffolk* 99 CV 3088 2007 U.S. Dist. Lexis 12696 2007 WL 608125 (E.D.N.Y. Feb. 23, 2007)(Proffers no medical evidence of injury in connection with his motion to amend, the court cannot find that such a claim is necessarily futile); *Lemmo v. Mckoy* 8 cv 4264 2011 U.S. Dist. Lexis 23075 (E.D.N.Y. March 8, 2011)( injuries are not severe. But they are not, on this record imagined). Just like judge Dearie ruled in *Lemmo* case, and plaintiff explained thoroughly at the July 11 th conference, plaintiff was injured and should be allowed to present that to a jury so they can make the determination.

### Plaintiff's Communications with the OCA

Defendants want written communications plaintiff had with the Office of the Court Administration. This request must be denied as irrelevant and defendants already in possession of those documents. OCA counsel Mr. Lee Adlerstein stated, "As the assigned attorney, she coordinates with, and provides necessary assistance to A.A.G. Siudzinski who represent the defendants, including communications reflecting opinions, work product, and legal strategies regarding the underlying litigation." (Docket entry # 93 p.3 footnotes.) Again, this is another fishing expedition by Mr. Siudzinski. This is a 2015 case. The defense attorney said on record at the July 11th conference that he is not going to produce anyone for depositions. The court refused to schedule defendants for their depositions. Instead, the court issued an order that the plaintiff's and defendant Spinelli's deposition must be completed by August 20th. Plaintiff sent a request to the defense attorney on July 18th giving more than 10 days in August for them to pick and produce Spinelli. The defendants have not responded with a date yet.

The defense attorney Mr. Siudzinski, at the only deposition he conducted in his life, rather than asking questions, he unethically argued with the 79yr. old witness. (See Exhibit A.)

### Conclusion

The defendants' request must be denied as pointed out above. Plaintiff sincerely apologizes for the comment he made in his submission on June 19, 2018. As a matter of law, the integrity and independence of judges depend in turn on their acting without fear or favor. Although judges should be independent, they must comply with the law and should comply with Code. A judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary. Adherence to this responsibility helps to maintain public confidence in the impartiality of the judiciary. Cannon 3A (4) provides, he restriction on ex parte communications concerning a proceeding includes communications from lawyers, law teachers, and others who are not participants in the proceeding. Plaintiff already thanked this court for letting this case move forward. However, both chambers are bothered and retaliating against plaintiff for the comment plaintiff made

3

regarding Mr. Adlerstein. This is unethical. Donald Trump made false statements to a crowed and on national TV that "Mexicans are rapist and murderers." I don't see anyone challenging Mr. Trump's disgusting comments.

Dated: ~~August 1, 2018~~ July 31, 18
Queens N.Y.

Respectfully submitted,

Prasanna Goonewardena

cc: Michael Siudzinski
Attorney for def.

4

1       BERNARD W. GOONEWARDENA

2   very simple question. So far your answer
3   is no, to my understanding.
4       A.   You answered it yourself. Just
5   like in the status conference, you stated
6   they are going to say they don't remember.
7   I gave you a comprehensive answer.
8       Q.   I find it troubling that you
9   can't answer yes or no to a yes-or-no
10  question.
11      A.   You said in the status
12  conference that they are all going to say
13  they have no recollection of my working
14  there or anything.
15      Q.   I think the recollection here
16  that's weakest is yours.
17      A.   My nephew was there. He wrote a
18  letter on his own. I didn't ask him to.
19  The judge said --
20      Q.   Your nephew is not a party.
21      A.   He said, "I was shocked that he
22  was a lawyer and he was testifying
23  himself." He said that the witnesses are
24  going to say that they don't remember
25  anything.

1  BERNARD W. GOONEWARDENA
2      Q.    Some people do, yes.  Absolutely.
3      A.    Maybe in your society.  In your
4  friendship, in your own circle of friends
5  maybe.  But not what I know about America.
6  This is a just country.  I have to repeat
7  this.  I'm an American.  I love this
8  country.  And I will not accuse anyone
9  because of their race that they told me
10 this if it is false.
11     Q.    Sir, do you understand that you
12 are alleging that you were discriminated
13 against for your race, your national
14 origin?
15     A.    Correct.
16     Q.    You have yet to give me an
17 example of how that pertains to your
18 training.  You are saying you received
19 unequal treatment in your training
20 opportunities due to your race and your
21 national origin and your age and your
22 color.  You have yet to give me an example
23 of why you believe your race, national
24 origin, age or color was responsible for
25 this alleged lack of training.